SIGAL CHATTAH
Acting United States Attorney
District of Nevada
Nevada Bar No. 8264
TAMER B. BOTROS
Assistant United States Attorney
Nevada Bar No. 12183
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
tamer.botros@usdoj.gov
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL F. SCHULZE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS),<br><br>Defendant. | Case No. 2:24-cv-01933-JAD-EJY<br><br>**Defendant's Motion to Dismiss** |

Under Federal Rules of Civil Procedure 12(b)(6), Defendant United States Citizenship and Immigration Services ("Defendant") moves for an order dismissing Plaintiff's Petition for Writ of Mandamus, ECF No. 1. Since Plaintiff filed his Petition, this matter has become moot requiring dismissal.

## I. Introduction

Plaintiff initiated this action by filing a Petition for Writ of Mandamus to compel the Defendant to adjudicate his Form I-290B appeal, which he alleges had been unreasonably delayed. The Form I-290B appeal was filed by Plaintiff regarding the denial of his Form N-600, Application for Certificate of Citizenship. The Court granted Plaintiff's Motion to Stay the case until May 26, 2025. See ECF No. 8. The Defendant reopened the N-600 application pertaining to Plaintiff. Plaintiff was subsequently provided with a receipt number, IOE9013454509, where it provided proof on Defendant's website that the

application for N-600 was reopened. See Ex A Case Status Online. The reopening of the application for N-600 has rendered this matter moot. Subsequently, Plaintiff's application for N-600 was denied. See Ex B Denial Notice.

## II. Legal Standards

### A. Rule 12(b)(6) __ Failure to State a Plausible Claim for Relief

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. *Severson v. Absolute Dental Grp., LLC*, No. 2:22-cv-01916-GMN-VCF, 2023 WL 2772004, at *2 (D. Nev. Apr. 1, 2023) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although a court accepts factual allegations as true, it is insufficient to couch legal conclusions as factual allegations. *Id.* (citing *Twombly*, 550 U.S. at 555). Rules 8 and 12(b)(6) require more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See id.* (citing *Twombly*, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Iqbal*, 556 U.S. at 678). This standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (citing *Iqbal*, 556 U.S. at 678). Indeed, even when a complaint contains facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

In this case, Plaintiff alleged unreasonable delay in his Petition and sought to compel the Defendant to adjudicate his Form I-290B. The Form I-290B appeal was filed by Plaintiff regarding the denial of his Form N-600, Application for Certificate of Citizenship. The

Defendant reopened the N-600 application pertaining to Plaintiff. Plaintiff was subsequently provided with a receipt number, IOE9013454509, where it documented proof on Defendant's website that the application for N-600 application pertaining to Plaintiff was reopened. See Ex A Case Status Online. Subsequently, Plaintiff's N-600 application was denied. See Ex B Denial Notice. Therefore, Plaintiff's Petition no longer has a claim upon which relief can be granted, which requires dismissal pursuant to FRCP Rule 12(b)(6).

### III. Conclusion

For the reasons set forth above, the Court should dismiss Plaintiff's Petition since the matter is now moot and Plaintiff's Petition no longer contains a claim upon which relief can be granted pursuant to FRCP Rule 12(b)(6).

Respectfully submitted this 29th day of July 2025.

SIGAL CHATTAH
Acting United States Attorney

/s/ Tamer B. Botros
TAMER B. BOTROS
Assistant United States Attorney