# EXHIBIT B
### Denial Notice

April 1, 2025



**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
5650 W. Badura Ave. #100
Las Vegas, NV 89118

**U.S. Citizenship and Immigration Services**

MICHAEL FREDERICK SCHULZE
2250 HORSE CREEK CIR
HENDERSON, NV 89014-5001

IOE9013454509



RE: N-600, Application for Certificate of Citizenship

A034-746-308

## DECISION

Dear MICHAEL SCHULZE:

On May 21, 2022, you filed a Form N-600, Application for Certificate of Citizenship, with U.S. Citizenship and Immigration Services (USCIS). You are claiming that you are eligible to receive a Certificate of Citizenship because you acquired U.S. citizenship under former section 321 of the Immigration and Nationality Act (INA).

After a thorough review of your application and supporting documentation, and information in the record, we have determined that you have not established eligibility for approval of your Form N-600. Therefore, we must deny your application. See Title 8, Code of Federal Regulations (8 CFR), section 320.5.

## FACTS

On January 28, 1967, you were born in Victoria, British Columbia, Canada.

On July 17, 1968, you were adopted by Alien Resident Fritz Schulze and United States citizen Gretchen Van Horne Schulze (born in Denver, Colorado on March 11, 1930) in Victoria, British Columbia, Canada.

On September 19, 1973, your adopted father, Fritz Schulze (a legal permanent resident) filed Form I-130, Petition for Alien Relative on your behalf. USCIS records show your adopted father Fritz Schulze never became a United States citizen.

On September 23, 1973, the Form I-130 filed on your behalf was approved.

On March 20, 1974, you were admitted into the United States via the Honolulu, Hawaii port of entry as a lawful permanent resident status in immigrant classification P22 (Unmarried Child of Alien Resident) at the age of seven (7).

On January 28, 1985, you turned eighteen (18) years old.



On May 21, 2022, USCIS received your N-600, Application for Certificate of Citizenship.

On August 15, 2023, USCIS mailed you a Notice of Intent to Deny (NOID). On August 31, 2023, you filed Form I-290B, Notice of Appeal or Motion. This Form I-290B was unnecessary because you were mailed a NOID on August 15, 2023, not a denial. The verbiage pertaining to filing a Form I-290B, in your August 15, 2023, NOID was in error and your Form N-600 had not been denied on that date.

On February 13, 2025, USCIS mailed you another NOID that superseded the NOID mailed on August 15, 2023.

On March 07, 2025, you responded to the NOID mailed on February 13, 2025, with the following:

- Letter explaining why you believe the NOID mailed to you on February 13, 2025, is incorrect and why your Form N-600 application should be approved;
- Copy of Gretchen Van Horne Schulze's Colorado birth certificate;
- Copy of Gretchen Van Horne Schulze's United States passport; and
- Copy of Gretchen Van Horne Schulze and Fritz Schulze divorce decree dated September 17, 1976

## ISSUE

Whether you have established that both your parents naturalized prior to your eighteenth (18th) birthday, under former INA Section 321.

## RULE

Current INA § 320 applies to individuals who met at least one condition after the effective date of that provision, namely February 27, 2001. Because all conditions must be met prior to the individual's eighteenth (18) birthday, current INA § 320 only applies to individuals born on or after February 27, 1983.

Furthermore, to be eligible for citizenship under former section 321 of the Immigration and Nationality Act (INA), an applicant must meet the following requirements on or before February 26, 2001:

- Be born outside the United States and its outlying possessions after December 24, 1952;

- Be the legitimate biological or adopted child of parents who are U.S. citizens by naturalization; OR

- Be the child of a naturalized parent if the other parent is deceased; OR

- Be the child of a naturalized parent who has legal custody of you and is legally separated from the other parent; OR

- Be born out of wedlock to a mother who naturalizes and where paternity is not established by legitimation; AND

- Be a lawful permanent resident of the United States;

- Be residing in the United States in the legal and physical custody of the naturalized parents (or, in the case of divorce or a legal separation, be residing in the legal custody of the naturalized parent); and

- Be under 18 years old at the time all of the above conditions are met.

INA 321, 8 USC §1432 (repealed)

Under prior INA 321 between Dec. 24, 1952 and October 5, 1978, children could not derive citizenship through adoptive parents. Under prior INA 321 between 1978 and 2001 an adoptive child can derive citizenship where -

Both parents* had to naturalize and both parents were defined as the following:

> *The definition of both parents (as found in INA 321, prior to February 27, 2001) includes:*
>
> *a. The surviving parents should one die, OR*
>
> *b. The naturalized parent having legal custody where there has been a divorce, or after January 13, 1941, a legal separation, OR*
>
> *c. The alien parent who naturalizes when the other parent is already a United States citizen, OR*
>
> *d. The mother of a child born out of wedlock on/after May 24, 1934, and prior to January 13, 1941; OR the mother of a child born out of wedlock on/after December 24, 1952, and prior to February 27, 2001, as long as the child had not been legitimated. (Once a child was property legitimated under age sixteen (16), the law required both parents to naturalize.)*

Child unmarried (does not include adopted children, but adopted children may derive through the naturalization of their biological parent(s) after adoption if all other requirements are met).

Finally, to acquire citizenship at birth under INA § 301, an individual must be "born of" a United States citizen. INA § 301(c). A child through adoption is not "born of" their adoptive parents.

## ANALYSIS

You have not established that you derived citizenship after birth through your adoptive parents under former INA § 321, current INA § 320, and you have not established that you acquired citizenship at birth under INA § 301.

First, you have not established that you derived citizenship after birth under former INA § 321. Former INA § 321 is the law applicable to your case because the qualifying conditions would have occurred between 1967 and 2001. Specifically, all qualifying conditions related to your claim of derivative citizenship would have had to occur prior to January 28, 1985, when you turned eighteen (18) years old. Because you turned eighteen (18) prior to the effective date of current INA § 320, INA 320 is inapplicable, and you are subject to the provisions of former INA § 321.

As indicated above, to derive citizenship after birth as an adopted child under former INA § 321, you must have a parent who became a naturalized citizen of the United States. However, your adoptive mother, Gretchen Van Horne Schulze, was born in Denver, Colorado and is a United States Citizen by birth. Therefore, she is not a naturalized citizen of the United States and so you have not established that you satisfy this requirement of INA § 321 through your U.S. Citizen adoptive mother. Moreover, your adoptive father, Fritz Schulze, is a legal permanent resident and you have provided no evidence that he ever naturalized. As such, you have not established that you meet the requirements to derive United States citizenship from either your adoptive mother, Gretchen Van Horne Schulze or your adoptive father, Fritz Schulze under former INA § 321. You also have not provided evidence that your

biological parent(s) were naturalized at any time, nor that you satisfy any of the other conditions of INA § 321 such that you could have derived citizenship from your biological parents.

Second, you did not establish that you derived citizenship under current INA § 320. As indicated above, current section 320 applies where one or more conditions was met on or after February 27, 2001. Because INA § 320 requires that such conditions be met prior to the age of eighteen (18), INA § 320 only applies to individuals born on or after February 27, 1983. In your case, you were born on January 28,1967 and turned eighteen (18) years old in 1985. Therefore, current INA § 320 does not apply to your case and so you cannot derive citizenship under that provision.

In your letter submitted in response to the NOID, you stated that USCIS misapplied INA § 321 instead of INA § 1431 because your adoptive mother Gretchen Van Horne Schulze was born a United States citizen. However, there is no INA § 1431. There is a 8 U.S. Code § 1431, also known as Section 320 of the Immigration and Nationality Act (INA). You argue that your claim should be considered under current INA § 320 (8 U.S. Code § 1431), however, as discussed above, the effective date of current INA § 320 is February 27, 2001. Therefore, for INA § 320 to apply to your case, you would have had to be born on or after February 27, 1983. Because you were born in 1968, current INA § 320 does not apply to your case and you must satisfy the requirements of the law applicable at the time you turned eighteen (18) years old; former INA § 321.

You next argue that USCIS overlooked critical evidence, specifically, the 1976 divorce decree effectuating the divorce of your adoptive parents. You argue that because that document awards custody to you United States citizen adoptive mother, you derived citizenship under former INA § 321(a)(3). USCIS did consider the divorce decree, however, in your case this evidence has no bearing on former INA 321. As you state in your letter, and as indicated above, former INA § 321 only allows a child to derive citizenship from the **naturalization** of the parent with legal custody after a legal separation. However, your adoptive mother, Gretchen Van Horne Schulze, who had full custody of you after her divorce from your adopted father, Fritz Schulze, is a natural born United States citizen and therefore was not naturalized. As indicated previously, because she is a naturalized citizen of the United States, you cannot derive citizenship under any subsection of former INA § 321.

Finally, you argue that requiring proof of biological parent's naturalization is unreasonable. However, USCIS only referenced your biological parents to consider any and all possibilities that you derived citizenship. Adopted children may derive through the naturalization of their biological parent(s) after adoption if all other requirements are met). As such, USCIS considered your biological parents as another possible legal avenue by which you could have derived citizenship. Consideration of this ground for derivation was expansive to your possible claims to derivation rather than restriction. However, as previously indicated, because you did not provide any information indicating that your biological parents have ever been citizens of the United States, USCIS has no grounds upon which to consider whether you acquired or derived United States citizenship through them.

You requested that USCIS reconsider its decision and approve your Form N-600, however, for the reasons stated above, USCIS hereby denies your Form N-600.

## CONCULSION

Based on a review of your application, supporting documentation and information in the record, USCIS has found that you have not established eligibility for a Certificate of Citizenship under section 321 of the INA.

You may appeal this decision by filing Form I-290B with fee. Form I-290B must be filled within 30 calendar days after personal service of the decision or 33 calendar days if the decision was mailed. See Title 8, Code of Federal Regulations (8 CFR), sections 103.5 and 320.5. Please be aware that after a Form N-600 has been denied and the appeal time has expired, any subsequent Form N-600 submitted

to USCIS by the same individual will be rejected. If the appeal time has expired, you may file a motion to reopen or reconsider using Form I-290B with fee. See Title 8, Code of Federal Regulations (8 CFR), section 320.5(a).

Do not mail your completed Form I-290B directly to this office. To find Form I-290B with filing locations and fee requirements or if you need more information, visit our web site at www.uscis.gov/i-290b. Include a copy of this decision notice with your Form I-290B. If we do not receive a properly filed appeal, this decision will remain final.

For questions about your application or if you need additional assistance, forms, or filing instructions, visit our web site at www.uscis.gov. You can use our online tools at www.uscis.gov/tools, including our virtual assistant Emma for information and guidance. For status updates, use our Case Status Online Tool at https://egov.uscis.gov. You can also reach out to the USCIS Contact Center online by visiting www.uscis.gov/contactcenter. If you are not able to find the information you need online, call the USCIS Contact Center at **1-800-375-5283**. If you are hearing impaired, call the USCIS Contact Center TTY at **1-800-767-1833**.

Sincerely,

Amanda Haury
Field Office Director
Officer: AC1838