# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Michael F. Schulze,<br><br>　　Plaintiff<br><br>v.<br><br>United States Citizenship and<br>Immigration Services (USCIS),<br><br>　　Defendant | Case No.: 2:24-cv-01933-JAD-EJY<br><br>**Order Denying Motion to Lift the Stay and for Leave to Amend and Granting Motion to Dismiss**<br><br>[ECF Nos. 13, 15, 16] |

  Michael Schulze was born in Canada and raised by his adoptive American mother.[1] After the United States Citizenship and Immigration Services (USCIS) denied his application for a certificate of citizenship and his appeal languished, Schulze petitioned for a writ of mandamus ordering USCIS to timely decide his appeal.[2] But when it appeared that the parties could resolve this matter with no judicial intervention, I entered a limited stay to allow that process to play out.[3]

  During that stay, USCIS denied Schulze's appeal and Immigration and Customs Enforcement (ICE) arrested him.[4] Schulze now seeks to lift the stay and amend his petition.[5] He requests an order directing USCIS to turn over records that he claims will prove his U.S.

---

[1] ECF No. 15 at 1; ECF No. 1 at 2–3.
[2] *See generally* ECF No. 1.
[3] ECF No. 12.
[4] ECF No. 15 at 1, 3.
[5] *See generally* ECF No. 15.

citizenship.[6] USCIS moves to dismiss his petition because it resolved his appeal and the proposed amendment would be procedurally improper and futile.[7] Because Schulze's original petition is moot, the request to amend is procedurally improper under this district's local rules, and the Freedom of Information Act (FOIA) provides an adequate alternative vehicle for the relief he wants, I grant USCIS's motion to dismiss his original petition, deny his request to amend his petition, and close this case.

## Background

Schulze was born in Canada, adopted at a young age, and immigrated to the United States.[8] Schulze claims that his adoptive mother was a U.S. citizen and had a U.S. passport.[9] As a result, Schulze believes that he has derivative U.S. citizenship through his adoptive mother.[10]

After residing in the United States for nearly 50 years, Schulze applied for a certificate of citizenship using form N-600 with the eventual goal of obtaining a U.S. passport to travel abroad with his wife.[11] USCIS rejected his application and Schulze appealed using a form I-290B appeal.[12] That appeal remained unresolved for more than a year, leading Schulze to file his initial petition for a writ of mandamus seeking to compel USCIS to decide his appeal.[13]

---

[6] *Id.* at 4–5.

[7] ECF No. 13 at 2; ECF No. 16 at 2.

[8] ECF No. 15 at 1; ECF No. 1 at 2–3.

[9] ECF No. 15 at 2.

[10] *Id.*

[11] ECF No. 1 at 3; ECF No. 15 at 4.

[12] ECF No. 1 at 3–4.

[13] *Id.* at 1, 4.

A few months after Schulze's petition was filed, I granted his request to stay this case so that the parties could try to resolve the dispute on their own.[14] During the stay, USCIS rejected Schulze's appeal.[15] Federal agents then arrested Schulze after learning of his appeal's resolution and his prior conviction several years earlier.[16] An immigration judge held a removal hearing and ordered that Schulze be removed to Canada.[17]

Schulze claims that USCIS possesses records related to his mother that will prove he has derivative U.S. citizenship and that those records were unavailable during his removal hearing.[18] He now asks that I lift the stay and allow him to amend his petition to target those records.[19] Although Schulze didn't attach an amended petition, his motion also asks for an order compelling USCIS to turn over those records.[20]

**Discussion**

Because Schulze is an unrepresented litigant, this court must liberally construe his arguments.[21] Still, dismissal of a petition is appropriate if it appears beyond a doubt that he "can prove no set of facts in support of his claim which would entitle him to relief"[22] or if the

---

[14] ECF No. 8; ECF No. 12.
[15] ECF No. 15 at 3.
[16] *Id.* at 1, 3.
[17] *Id.* at 4.
[18] *Id.* at 4–5.
[19] *See generally* ECF No. 15.
[20] *Id.*
[21] *Ortez v. Washington Cnty.*, 88 F.3d 804, 807 (9th Cir. 1996); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (unrepresented litigants "must be held to less stringent standards than formal pleadings drafted by lawyers").
[22] *Ortez*, 88 F.3d at 807.

3

allegations in the petition or extrinsic evidence show that this court lacks subject-matter jurisdiction.[23]  Requests to amend should be denied if a proposed amendment would be futile.[24]

**A.     Schulze's original petition is moot because USCIS decided his appeal.**

USCIS argues that Schulze's original petition is moot and must be dismissed under Federal Rule of Civil Procedure 12(b)(6) because a moot petition fails to state a claim.[25]  Schulze does not contest that characterization.  Mootness is a defect in subject-matter jurisdiction however, not necessarily a defect in a petition's statement of a claim.  Article III of the Constitution limits federal courts' subject-matter jurisdiction to active cases or controversies.  Thus, a case is moot and must be dismissed "if the issues presented are no longer live" because "there fails to be a 'case or controversy.'"[26]  And mootness is properly raised in a motion to dismiss under Rule 12(b)(1)—and not Rule 12(b)(6)—because it relates to a federal court's subject-matter jurisdiction.[27]

Despite its reliance on the wrong rule, USCIS is largely correct.  Dismissal is appropriate if a court cannot grant "any effective relief in the event that it decides the matter on the merits in [the plaintiff's] favor."[28]  The only relief Schulze was seeking by his original petition was an order compelling USCIS to decide his appeal.  When USCIS resolved Schulze's appeal, that request became moot.  So Schulze's original petition must be dismissed under Rule 12(b)(1) because it no longer presents a case or controversy for this court to decide.

---

[23] *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).
[24] *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018).
[25] *See* ECF No. 13 at 1–3.
[26] *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005).
[27] *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).
[28] *In re Burrell*, 415 F.3d at 998.

### B. Schulze's motion for leave to amend is procedurally improper.

Tacitly recognizing the mootness of his original petition, Schulze moves to add a new claim ordering the production of records relevant to his citizenship.[29] USCIS points out in its response that Schulze's motion for leave to amend is procedurally improper because he failed to attach a copy of the amended petition to his motion.[30] This district's Local Rule 15-1(a) requires a party seeking to amend his pleading to attach a copy of the proposed amended pleading to his motion for leave to amend. This rule applies to unrepresented parties as well as those with counsel.[31] Schulze failed to comply with Local Rule 15-1(a) because he didn't attach a proposed amended pleading to his motion for leave to amend. Thus, his motion must be denied on that ground alone.

Typically, if dismissal is appropriate, an unrepresented party should be given further leave to amend the complaint and notice of its deficiencies.[32] But leave to amend should be withheld if the deficiencies cannot be cured and further amendments would be futile.[33] As explained *infra*, even if I were to excuse Schulze's procedural deficiency, I would still deny leave as futile because no construction of Schulze's proposed amended petition would create a valid claim.

---

[29] ECF No. 15 at 4–5.

[30] ECF No. 16 at 2.

[31] *Maluf v. Bergelectric Corp.*, 2023 WL 11827166, at *1 (D. Nev. Apr. 26, 2023).

[32] *Lopez v. Smith*, 203 F.3d 1122, 1127–28 (9th Cir. 2000).

[33] *Id.* at 1129; *Wheeler*, 894 F.3d at 1059.

5

**C.     Schulze cannot state a valid mandamus claim for the records because FOIA supplies an adequate alternative remedy.**

Citing to the statute authorizing mandamus jurisdiction, Schulze argues that the court should "compel USCIS to [produce his mother's immigration records] now and in an expeditious manner."[34] If Schulze's motion is liberally construed as a claim for mandamus relief, this amendment would be futile. The writ of mandamus is an extraordinary remedy,[35] and a court may issue a writ of mandamus compelling an officer of the United States to perform a duty only if, among other things, no other adequate remedy is available.[36]

Mandamus relief is unavailable here because an alternative remedy exists. A party seeking an agency's records "may avail himself of the procedures established by FOIA to obtain the documents he seeks."[37] Schulze may pursue the requested records through FOIA's submission process and appeals procedures. Indeed, he has already shown that he can pursue this remedy as he submitted a FOIA request for similar records in 2010.[38] Thus, the FOIA process—and not a writ of mandamus—is the proper vehicle for the relief Schulze seeks and any amendment seeking mandamus relief for the records would be futile.

**D.     Schulze's motion cannot be liberally construed as a valid claim under FOIA because it's premature.**

Schulze's claim is futile for the second reason that he has skipped the required administrative process. Under FOIA, district courts may "enjoin [an] agency from withholding

---

[34] ECF No. 15 at 5.

[35] *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986).

[36] *Id.*

[37] *Sjoberg v. Soc. Sec. Admin.*, 2024 WL 385215, at *1 (D. Nev. Jan. 31, 2024) (denying mandamus relief because FOIA was an adequate alternative remedy).

[38] ECF No. 15 at 2, 4.

agency records and to order the production of any agency records improperly withheld."[39]  But a party seeking records under FOIA must first exhaust any administrative remedies before suing to compel an agency to turn over the records.[40]  Generally, a party seeking records must first submit a FOIA request to the agency[41] and appeal any adverse determination from the agency to the head of the agency.[42]  Once those administrative remedies are exhausted, "a requestor dissatisfied with an agency's response can challenge it in court."[43]

Schulze has not alleged or shown that he submitted any FOIA requests in the past 15 years or that he has exhausted his administrative remedies for his mother's records.  Until Schulze does so, any claim related to those records is premature.  So, to the extent Schulze attempts to refashion his case into one for FOIA relief, leave to amend is not available.

**Conclusion**

IT IS THEREFORE ORDERED that Plaintiff Michael Schulze's motion to lift the stay and for leave to amend his petition for mandamus **[ECF No. 15] is DENIED.**

IT IS FURTHER ORDERED that USCIS's motion to dismiss **[ECF No. 13] is GRANTED.**  Schulze's petition for writ of mandamus is **DISMISSED**.  The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
September 2, 2025

---

[39] 5 U.S.C. § 552(a)(4)(B).
[40] *Corbett v. Transp. Sec. Admin.*, 116 F.4th 1024, 1028 (9th Cir. 2024).
[41] 5 U.S.C. § 552(a)(6)(A)(i).
[42] 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa).
[43] *Aguirre v. U.S. Nuclear Regul. Comm'n*, 11 F.4th 719, 725 (9th Cir. 2021).